UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
:
PIM SHIH,                                                        :
:
                             Plaintiff,                     :
:    23 Civ. 8035 (JPC) (RWL)
            -v-                                               :
:    ORDER ADOPTING
THE BROADWAY LEAGUE,                                             :    REPORT AND
:    RECOMMENDATION
                             Defendant.                    :
:
-----------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

       Plaintiff Pim Shih brings this action against Defendant The Broadway League (the "League") alleging racial and religious discrimination, retaliation, breach of implied contract, intentional infliction of emotional distress, negligent infliction of emotional distress, defamation, and tortious interference with prospective economic advantage.  On August 20, 2024, the Honorable Robert W. Lehrburger issued a Report and Recommendation, recommending that this Court grant the League's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to allege sufficient facts to state a claim of entitlement to relief.  Judge Lehrburger recommended dismissal with prejudice of Counts I, II, IV, and VIII, and dismissal without prejudice of Counts III, V, VI, VII, and IX, with leave to amend those five Counts.  For the reasons that follow, the Court overrules Shih's objections and adopts the Report and Recommendation in its entirety.

## I. Background

A.   Facts[1]

Shih is a Christian, Chinese American artist and designer who has produced an Off-Broadway show called the Pimcomedy Fashion Show. Compl. ¶¶ 3, 5. The League is a 501(c)(6) trade organization that represents the interests of the Broadway industry. *Id.* ¶ 4. On February 7, 2024, Shih contacted the Diversity Officer at the League, to "seek[] assistance and information on programs or efforts to support Chinese or Chinese American artists," and "with the hope of addressing issues of racial discrimination within the industry." *Id.* ¶ 6. Shih also sent three emails to the League between February 2022 and August 2023, again "asking for assistance." *Id.* ¶ 8. Despite this outreach, the League "rejected [Shih]'s request for any relationship or help or assistance with his theater show, or inclusion in [its] programs to help with Diversity and inclusion." *Id.* Shih also reached out to TodayTix, a non-party ticketing platform, "in the hope of securing wider exposure" for his show. *Id.* ¶ 10. But that company, too, rejected Shih's request, "citing member demographics and low ticket pickup as reasons for exclusion." *Id.*

Shih claims that the League rejected his show based on his racial and religious background, *id.* ¶ 14, and that his rejection from TodayTix is evidence that the League encouraged its "partners to not help and assist [Shih]'s show," *id.* ¶ 25. Shih alleges that the League, through its actions,

---

[1] The Court assumes the parties' familiarity with the Report and Recommendation, Dkt. 22 ("R&R"), which Shih acknowledges "correct[ly]" states this case's factual and procedural background. Dkt. 26 ("Objs.") at 1. The Court therefore provides only the following summary of the factual background, which is taken from the Complaint, Dkt. 1 ("Compl."), and is assumed true for purposes of this Order. *See Interpharm, Inc. v. Wells Fargo Bank, Nat'l Ass'n*, 655 F.3d 136, 141 (2d Cir. 2011) (explaining that on a motion to dismiss pursuant to Rule 12(b)(6), the court must "assum[e] all facts alleged within the four corners of the complaint to be true, and draw[] all reasonable inferences in plaintiff's favor").

2

"caused significant harm to [Shih]'s career" and "emotional suffering and damage to [Shih]'s mental well-being." *Id.* ¶¶ 20, 23.

**B.     Procedural History**

Shih, proceeding *pro se*, filed suit on September 11, 2023, bringing nine counts against the League: (1) racial and religious discrimination in violation Title II of the Civil Rights Act of 1964 ("Title II"), Compl. ¶¶ 12-16;[2] (2) breach of implied contract, *id.* ¶¶ 17-20; (3) intentional infliction of emotional distress, *id.* ¶¶ 21-24; (4) retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL"), and the New Jersey Law Against Discrimination ("NJLAD") by encouraging the League's partners not to work with Shih's show, *id.* ¶¶ 25-28; (5) negligent infliction of emotional distress, *id.* ¶¶ 29-35; (6) defamation, *id.* ¶¶ 36-41; (7) racial and religious discrimination under the NYSHRL and the NJLAD, *id.* ¶¶ 42-44; (8) retaliation under the NJLAD and "NY Laws" for the League's exclusion of Shih's show "from their Member Nights program," *id.* ¶¶ 45-47; and (9) tortious interference with a prospective economic advantage, *id.* ¶¶ 48-50. The League moved to dismiss the Complaint on February 19, 2024, Dkt. 17, Shih opposed on March 11, 2024, Dkt. 20 ("Opposition"), and the League replied on April 4, 2024, Dkt. 21.

On August 20, 2024, Judge Lehrburger issued a Report and Recommendation, recommending that the League's motion be granted. R&R at 1. Judge Lehrburger first concluded that Shih's racial and religious discrimination claims were insufficiently pleaded because the League is not a place of public accommodation and because Shih failed to allege any facts indicating discriminatory intent. *Id.* at 7-16. Second, Judge Lehrburger recommended dismissal

---

[2] In alleging discrimination in violation of Title II, Count I additionally alleges race discrimination and retaliation in violation of New Jersey and New York state law. Compl. ¶ 16.

3

of Shih's retaliation claims as well, explaining that Shih failed to allege an employer-employee relationship between himself and the League and that the NJLAD only applies to conduct that took place in New Jersey. *Id.* at 17-20. Judge Lehrburger concluded that Shih's breach of implied contract claim too could not survive a motion to dismiss because Shih failed to allege any facts that suggested mutual assent on behalf of the League. *Id.* at 20-23. Next, Judge Lehrburger concluded that Shih's emotional distress claims should be dismissed because the alleged conduct falls far short of the kind of extreme and outrageous conduct necessary for such claims. *Id.* at 23-25. Turning to Shih's claim of defamation, Judge Lehrburger determined that it could not survive the League's motion because Shih failed to identify a single defamatory statement made by the League. *Id.* at 25-27. Judge Lehrburger recommended the same fate for Shih's final claim, for tortious interference with a prospective economic advantage, because Shih failed to allege facts that would support any element of that claim. *Id.* at 27-29. Judge Lehrburger recommended, however, that the Court *sua sponte* grant Shih leave to amend his Complaint as to his claims for state law discrimination (Count VII), defamation (Count VI), emotional distress (Counts III and V), and tortious interference (Count IX). *Id.* at 29-30. The Court now considers Shih's objections to the Report and Recommendation, Dkt. 26; *see also* Dkt. 27 (the League's reply brief); Dkt. 28 (Shih's sur-reply brief).[3]

---

[3] On September 5, 2024, after no objections to the Report and Recommendation were filed on the docket by the deadline for the parties to do so, the Court issued an Order adopting the Report and Recommendation. Dkt. 23. Shortly after that Order was filed, Shih advised the Court that he had emailed objections to the Clerk's Office for filing. Later that day, after the undersigned confirmed that the Clerk's Office in fact had received an email from Shih on August 26, 2024 containing those objections, the Court arranged for Shih's objections to be filed on the docket, *see* Dkt. 26, and vacated its September 5, 2024 Order. Dkt. 24. The Court thus considers Shih's objections as timely submitted.

4

## II.  Legal Standard

### A.  Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a report and recommendation, and must conduct *de novo* review of any part of the magistrate judge's disposition to which a party submits a proper objection.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).  "To be proper, an objection must be clearly aimed at particular findings, and may not be conclusory or general."  *Riaz v. Comm'r of Soc. Sec.*, No. 20 Civ. 8418 (JPC) (SLC), 2022 WL 4482297, at *2 (S.D.N.Y. Sept. 27, 2022) (internal quotation marks and citations omitted).  "Parties may neither regurgitate the original briefs to the magistrate judge nor raise new arguments not raised to the magistrate judge in the first instance."  *Id.* (internal quotation marks omitted); *accord United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019).  On the other hand, a district court reviews for clear error those parts of a report and recommendation to which no party has filed proper or timely objections.  28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008) ("To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."  (internal quotation marks omitted)).

### B.  Rule 12(b)(6) Motion to Dismiss

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although the Court must "accept[] as true the factual allegations in the complaint and draw[] all inferences in the plaintiff's favor," *Biro*, 807 F.3d at 544, it need not "accept as true legal conclusions couched as factual allegations," *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475-76 (2d Cir. 2009).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012) (internal quotation marks omitted). For this reason, "the Court will also deem the factual allegations contained in [Shih's] brief[] to supplement his . . . complaint." *Johnson v. Wright*, 234 F. Supp. 2d 352, 356 (S.D.N.Y. 2002). But the liberal treatment is not boundless. *See Leon v. Rockland Psychiatric Ctr.*, 232 F. Supp. 3d 420, 428 (S.D.N.Y. 2017) ("[T]he liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." (internal quotation marks omitted)); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (internal quotation marks omitted)).

### III. Discussion

Generously construed, Shih's objections to the Report and Recommendation raise three arguments: (1) the Complaint adequately alleges a claim of discrimination, Objs. at 1-4; (2) dismissal would prematurely deny Shih of the opportunity to avail himself of discovery, *id.* at 4-6; and (3) principles of "procedural fairness" counsel in favor of granting him leave to amend the Complaint, *id.* at 6-7. Although some of these objections arguably are not proper, as too

6

conclusory or merely repeated arguments previously made to Judge Lehrburger, *see Riaz*, 2022 WL 4482297, at *2, the Court nonetheless reviews the objected-to parts of the Report and Recommendation *de novo*, taking account of Shih's *pro se* status.[4]

## A.  Discrimination Claim

Shih first argues that the Complaint "alleges a consistent pattern of discriminatory treatment by the defendants, which could support a finding of discriminatory intent if proved." Objs. at 2.  Count II pleads a cause of action for racial and religious discrimination in violation of Title II, while also citing the NJLAD and the NYSHRL, Compl. ¶¶ 12-16, and Count VII pleads a cause of action for racial discrimination under the NJLAD and the NYSHRL, *id.* ¶¶ 42-44.  Noting that he is "not required to plead a prima facie case of discrimination at the motion to dismiss stage," Objs. at 1, Shih argues that the Complaint "adequately alleges facts giving rise to a plausible inference of discrimination," *id.* at 2-3.  The Court construes this argument as an objection to Judge Lehrburger's conclusion that the Complaint does not plausibly state a claim of discrimination under Title II, the NYSHRL or the NJLAD.  *See* R&R at 7-16.

Judge Lehrburger made no error in concluding that Shih fails to state a claim of discrimination.  To bring a claim of discrimination under Title II, Shih "must allege facts showing (1) that he was deprived of equal use and enjoyment of a place of public accommodation and (2) facts which demonstrate discriminatory intent." *Akyar v. TD Bank US Holding Co.*, No. 18 Civ. 379 (VSB), 2018 WL 4356734, at *5 (S.D.N.Y. Sept. 12, 2018).  At the pleading stage, Shih's state law claims of discrimination similarly require him to plausibly allege facts giving rise to an inference of discrimination. *See Jones v. Beth Israel Hosp.*, No. 17 Civ. 3445 (GHW), 2018 WL

---

[4] The Court therefore does not address Shih's argument that his objections are detailed enough to trigger *de novo* review.  *See* Sur-Reply at 3-4.

7

1779344, at *12 (S.D.N.Y. Apr. 12, 2018) (NYSHRL); *Greene v. Lance*, No. Civ. 21-14399 (MAS), 2022 WL 1241309, at *4 (D.N.J. Apr. 27, 2022) (NJLAD).  Shih does not meet this standard.  The Complaint does not allege any evidence—direct or indirect—that shows discriminatory intent on behalf of the League.  Although Shih maintains that "allegations of disparate treatment, where similarly situated individuals of a different race or religious affiliation were treated more favorably, should be sufficient to satisfy the pleading standard under Rule 8," Objs. at 2, the Complaint does not include facts describing any sort of disparate treatment.

The only references to discriminatory intent in the Complaint are conclusory and unsupported.  Shih alleges, for example, that the League "rejected [his] show based on [Shih's] racial background and religious discrimination," Compl. ¶ 14, and that "[t]he rejection . . . [was] solely due to [Shih's] racial and religious background," *id.* ¶ 15, without asserting any facts to support these allegations.  *See also id.* ¶ 42 ("Defendant's actions[] includ[e] the rejection of Plaintiff's show based on their racial background . . . .").  Shih cannot rely on such bald and unsubstantiated allegations to state a claim to relief that is plausible on its face.  *See Jackson v. Cnty. of Rockland*, 450 F. App'x 15, 19 (2d Cir. 2011) ("[B]ald assertions of discrimination . . . unsupported by any comments, actions, or examples of similarly-situated individuals outside of [the plaintiff's] protected class being treated differently, from which we could infer that the defendants possessed a discriminatory . . . motive are implausible and insufficient to survive a motion to dismiss.").

Shih also does not allege any facts that tie the League's actions to Shih's race or religion.  He only points to a letter from TodayTix that he says "constitutes a clear act of racial and religious discrimination." Compl. ¶ 14.  That letter, however, demonstrates no such thing.  It only informed Shih that TodayTix would not continue to partner with him because the "average ticket pick ups

8

tend[ed] to be 0-10%" for PimComedy Fashion Show, which "d[id] not meet the thresholds" necessary. Opposition, Exh. C. And although the letter mentions that TodayTix's "members might not be the right demographic for [Shih's] show"—as evidenced by the low ticket sales—it says nothing about Shih's race or religion. *Id.* Moreover, as Judge Lehrburger also noted, TodayTix is neither a defendant in this case nor affiliated with the League, so the relevance of TodayTix's letter is unclear at best.

Shih relies on three decisions in support of his argument that he adequately has stated a claim of discrimination. None move the needle in his favor. He first points to *Swierkiewicz v. Sorema*, 534 U.S. 506 (2002), and (generously construed) argues that Judge Lehrburger imposed too high of a pleading standard for the motion to dismiss stage. Objs. at 2. While it is true that a complaint alleging employment discrimination need not establish a *prima facie* case under *McDonnell Douglas*, *Swierkiewicz*, 534 U.S. at 508 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)), the Report and Recommendation held Shih's Complaint to no such requirement, *see* R&R at 3-4, 7-16 ("To survive dismissal, a plaintiff must allege that he is in a protected class and must plead sufficient factual content to allow the court to draw a reasonable inference that the defendant was motivated by discriminatory intent." (quoting *Renxiong Huang v. Minghui.org*, No. 17 Civ. 5582 (ER), 2018 WL 3579103, at *4 (S.D.N.Y. July 25, 2018)). Shih next cites to *Lindsey v. Prive Corp.*, 987 F.2d 324 (5th Cir. 1993), and *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003), to argue that he need only allege facts raising an inference of discrimination from the totality of the circumstances—not direct evidence of discrimination. Objs. at 3-4. Shih, again, correctly describes the law. But as Judge Lehrburger noted, and as discussed above, the Complaint does not allege even any indirect evidence of discriminatory intent. So *Lindsay* and *Desert Palace* do not help Shih.

9

Without any evidence of discriminatory intent, Shih cannot plausibly allege a claim of discrimination under Title II, the NYSHRL, or the NJLAD.[5] *See Lurch v. City of New York*, No. 19 Civ. 11253 (AJN), 2021 WL 1226927, at *4 (S.D.N.Y. Mar. 31, 2021) (dismissing a Title II claim when the plaintiff alleged only "that he was treated unfairly as a result of being a black man," without "any factual content"); *Jones,* 2018 WL 1779344, at *13 (dismissing a NYSHRL claim when the plaintiff merely "state[d] in conclusory fashion that [d]efendant 'refused to treat' him because of his race"); *Langley v. United Airlines, Inc.*, No. 23 Civ. 20602, 2024 WL 3219295, at *6 (D.N.J. June 28, 2024) (dismissing a NJLAD claim when "[p]laintiff ma[de] only conclusory allegations of racial discrimination" without "any facts to support his assertion that [defendants] . . . took the[] actions against [p]laintiff *based on* his race"). Accordingly, the Report and Recommendation properly concluded that Shih's racial and religious discrimination claims under Title II, the NYSHRL, and the NJLAD should be dismissed, and Shih's first objection is overruled.[6]

**B.    Discovery**

Shih next objects to Judge Lehrburger's Report and Recommendation by arguing that dismissal of his claims at this stage would be improper because it would deny him the opportunity to avail himself of discovery. Objs. at 4 ("By granting dismissal prematurely, the court potentially deprived Plaintiff of the opportunity to gather the necessary evidence to substantiate [his]

---

[5] Although the Complaint does not mention 42 U.S.C. § 1981, Shih asserts in his Sur-Reply that "there are facts in the original complaint that support [a] Section 1981 claim (such as racial discrimination)." Sur-Reply at 5. To state a claim under Section 1981, a plaintiff must allege, among other things, discriminatory intent. *Brown v. City of Oneonta, New York*, 221 F.3d 329, 339 (2d Cir. 2000). So Shih's Section 1981 claim, to the extent that it is pleaded, is dismissed for the same reasons that apply to his other discrimination claims.

[6] Shih's Title II discrimination claim fails for the additional reason that he does not allege that the League is "a place of public accommodation." *See infra* III.C.

10

claims."); *id.* at 5 ("Dismissal is premature because discovery could uncover key evidence, such as comparative data on how the defendants treated similarly situated individuals or internal communications revealing discriminatory motives"); *see also* Sur-Reply at 6 (same).[7] Shih's objection is meritless. "Motions to dismiss are routinely filed before the plaintiff has access to discovery." *Wellton Int'l Express v. Bank of China (Hong Kong)*, 612 F. Supp. 3d 358, 364 n.4 (S.D.N.Y. 2020). And the lack of access to discovery does not alleviate a plaintiff's responsibility to plead facts that plausibly state a claim to relief. For "[d]iscovery . . . is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support." *Cleveland-Goins v. City of New York*, No. 99 Civ. 1109 (AGS), 1999 WL 673343, at *2 (S.D.N.Y. Aug. 30, 1999). Shih's objection, therefore, is overruled. *See Special Event Ent. v. Rockefeller Ctr., Inc.*, 458 F. Supp. 72, 75 n.4 (S.D.N.Y. 1978) (rejecting an argument that a "motion to dismiss for failure to state a claim is premature and should await discovery" because "[s]uch a motion . . . tests only the sufficiency of the allegations in the complaint and is properly made before the answer or discovery").

C. **Procedural Fairness**

Shih's final objection to Judge Lehrburger's Report and Recommendation is grounded in what he calls "procedural fairness." Objs. at 6-7 ("The dismissal may also be challenged on the grounds of procedural fairness."). There are two parts to Shih's argument. First, he cursorily argues that "the principle of fairness dictates that plaintiffs should be given the opportunity to proceed to discovery, especially in discrimination cases where much of the evidence may be in the

---

[7] In support of this argument, Shih cites to *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Objs. at 4-5. Both cases address the standards applicable at the summary judgment stage, not the question of whether pre-discovery dismissal for failure to state a claim is appropriate.

11

defendants' possession." *Id.* at 6. As discussed, Shih's argument that discovery should precede resolving a motion to dismiss for failure to state a claim is meritless. *See supra* III.B.[8]

Shih's second argument concerns leave to amend the Complaint; he seeks "to add more details" to his pleading. Objs. at 6-7; *see also* Sur-Reply at 6 ("Plaintiff['s] request for leave to amend is justified, particularly because any deficiencies in Plaintiff['s] complaint could be addressed through an amended pleading."). Because Judge Lehrburger recommended granting Shih leave to amend Counts III, V, VI, VII, and IX, R&R at 29-30, the Court understands Shih to be specifically objecting to the recommendation that he not be granted leave to amend Counts I, II, IV, and VIII. Shih's objection is overruled. Pursuant to Federal Rule of Civil Procedure 15(a)(2), the Court "should freely give leave [to amend] when justice so requires." Although this is a permissive standard, "it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). A Court may deny the moving party's request "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Id.* "A proposed amendment is futile when 'it could not withstand a motion to dismiss pursuant to Rule 12(b)(6).'" *Morales v. New York Univ.*, 585 F. Supp. 3d 610, 613 (S.D.N.Y. 2022) (quoting *Long v. Parry*, 679 F. App'x 60, 63 (2d Cir. 2017)). And "courts need not determine futility based only on an assessment of the proposed amendments," but "may consider all possible amendments when determining futility." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 347 F. App'x 617, 622 (2d Cir. 2009).

---

[8] Shih adds a citation to *Conley v. Gibson*, 355 U.S. 41 (1957), *abrogated by Twombly*, 550 U.S. 544, in this part of his Objections, and argues that "a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of their claim which would entitle them to relief." Objs. at 6. *Conley* is no longer good law, and its standard does not govern this Court. *See Twombly*, 550 U.S. at 560-63. "The ['no set of facts'] phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard . . . ." *Id.* at 563.

With respect to the Title II discrimination claim in Count I, Shih would not be able to cure the deficiency in his pleading through any set of facts. "In order to bring a claim under Title II, a plaintiff must allege facts showing (1) that he was deprived of equal use and enjoyment of a place of public accommodation and (2) facts which demonstrate discriminatory intent." *Alexander v. JP Morgan Chase Bank, N.A.*, No. 19 Civ. 10811 (OTW), 2021 WL 1061833, at *2 (S.D.N.Y. Mar. 18, 2021) (quoting *Akyar*, 2018 WL 4356734, at *5). As defined by the statute, "a place of public accommodation" falls into one of the following categories:

> (1) a lodging for transient guests located within a building with more than five rooms for rent; (2) a facility principally engaged in selling food for consumption on the premises, including such facilities located within retail establishments and gasoline stations; (3) any place of exhibition or entertainment; (4) any establishment located within an establishment falling into one of the first three categories, and which holds itself out as serving patrons of that establishment; or (5) any establishment that contains a covered establishment, and which holds itself out as serving patrons of that covered establishment.

*Bishop v. Henry Modell & Co.*, No. 08 Civ. 7541 (NRB), 2009 WL 3762119, at *12 (S.D.N.Y. Nov. 10, 2009) (citing 42 U.S.C. § 2000a(b)), *aff'd*, 422 F. App'x 3 (2d Cir. 2011). This list of categories is exclusive—"the language of the statute does not suggest that the listed establishments in the statute were meant to serve as mere examples of public accommodations." *Akyar*, 2018 WL 4356734, at *5. Shih does not allege that the League is a place of public accommodation. *See generally* Compl. Nor could he. The League does not fit within any single category of a place of public accommodation: it is not a lodging, nor a facility that sells food, nor a place of exhibition or entertainment, nor an establishment located within or containing a covered establishment. Rather, the League is a membership organization. Because no set of facts will transform the League into a place of public accommodation for the purposes of Title II, granting Shih leave to amend Count I would be futile.

Any attempt by Shih to amend his claim in Count II, which pleads breach of implied contract, Compl. ¶¶ 17-20, would be similarly futile.  He asserts that he reasonably relied on the League's public diversity, equity, and inclusion ("DEI") statement,[9] and the League violated the principles stated therein when it ignored him.  *Id.*  The Court fully adopts Judge Lehrburger's considered analysis as to why Shih's breach of implied contract claim fails.  *See* R&R at 20-23.  "To create a binding contract, there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms."  *Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 95 (2d Cir. 2007).  A public DEI statement posted to a website, with nothing more, cannot form the basis of an implied contract.  *See Morales*, 585 F. Supp. 3d at 615 (explaining that a public mission statement on a website "falls far short of a contract, express or implied").  Because the DEI statement on the League's website forms the sole basis for Shih's claim for breach of implied contract, any amendment to Count II would be futile.

Finally, the same is true with respect to Counts IV and VIII—Shih's retaliation claims under Title VII, the NYCHRL, the NYSHRL, and the NJLAD.  Shih alleges that the League "took retaliatory actions by encouraging [its] Broadway partners to not help and assist [Shih]'s show,"

---

[9] The DEI statement reads, in relevant part:

> The Broadway League believes in promoting an equitable and inclusive theatre community and recognizes that our industry must change in order to reflect those values.  To that end, The League is committed to promoting anti-racist policies and practices in our organization and our industry through raising awareness, providing opportunities for meaningful dialogue and sharing resources with our membership. . . .  We commit to encouraging all of our members and partners, whether producers, theatre owners, general managers, presenters, unions, guilds or venders, to confront racism, build inclusive cultures and create career opportunities which advance [black, indigenous, and people of color] artists and professionals in our industry, whether backstage, onstage or in the executive suite.

Opposition, Exh. B.

Compl. ¶ 25, and by excluding his show "from [the League's] Member Nights program," *id.* ¶ 45. Title VII imposes liability for unlawful retaliation only by one's "employer." 42 U.S.C. § 2000e-3(a); *see Brown v. Daikin Am. Inc.*, 756 F.3d 219, 226 (2d Cir. 2014) ("The existence of an employer-employee relationship is a primary element of a Title VII claim." (cleaned up)). The same is true of the NYCHRL, the NYSHRL, and the NJLAD. *Brown*, 756 F.3d at 226 ("An employer-employee relationship is also required to sustain analogous [retaliation] claims under the NYSHRL." (internal quotation marks omitted)); *McHenry v. Fox News Network, LLC*, 510 F. Supp. 3d 51, 80 (S.D.N.Y. 2020) ("An essential element of a claim under the NYSHRL or the NYCHRL is the existence of an 'employer-employee relationship.'" (quoting *Brown*, 756 F.3d at 226) (collecting cases)); *Fitzpatrick v. Cnty. of Monmouth*, No. Civ. A. No. 08-299 (JAP), 2011 WL 2610252, at *3 (D.N.J. June 30, 2011) ("[L]iability in an employment-based claim under the NJLAD can only attach if an employer-employee relationship exists between the plaintiff and defendant." (citing *Chrisanthis v. Cnty. of Atlantic,* 825 A.2d 1192, 1195 (N.J. Super. Ct. App. Div. 2003), *cert. denied*, 178 N.J. 31, 834 A.2d 404 (2003))). Shih never once alleges that the League was his employer within the meaning of the state and federal statutes under which he sues. Indeed, Shih's allegations make clear that he was not employed by the League. Absent such employment by the League, Shih's retaliation claims in Counts IV and VIII cannot be cured by further amendment.

    The Court thus overrules Shih's objections with respect to Judge Lehrburger's recommendation that he not be granted leave to amend the Complaint as to Counts I, II, IV, and VIII. *See Jahad v. Holder,* No. 19 Civ. 4066 (NSR), 2023 WL 8355919, at* 10 (S.D.N.Y. Dec. 1, 2023) ("[L]eave to amend is properly denied where all indications are that the *pro se* plaintiff will be unable to state a valid claim").

**D.     Remainder of Report and Recommendation**

As to the remainder of the Report and Recommendation to which Shih did not raise any objections, the Court finds no clear error in the record. Indeed, the Court has conducted *de novo* review of the entire Report and Recommendation, and finds it to be well-reasoned and its conclusions well-founded. Accordingly, the portions of the Report and Recommendation to which Shih did not object are adopted as well.[10]

### IV.  Conclusion

Accordingly, the Court adopts the Report and Recommendation in its entirety and dismisses this case pursuant to Rule 12(b)(6) for failure to state a claim. Counts I, II, IV, and VIII are dismissed with prejudice; Counts III, V, VI, VII, and IX are dismissed without prejudice and with leave to amend. If Shih decides to file an amended complaint, he must file it within thirty days of the date of this Order. Failure to file an amended complaint by that deadline, or failure to obtain an extension of time to file an amended complaint in advance of that deadline, will result in the dismissal of all of Shih's claims with prejudice, at which point the Court will direct the Clerk of Court to enter judgment in the League's favor and to close the case.

SO ORDERED.

Dated: November 8, 2024
       New York, New York

                                                          _____
                                                                JOHN P. CRONAN
                                                           United States District Judge

---

[10] Shih's argument that the clear error standard of review should not apply despite his "failure to object to certain parts of the R&R," Sur-Reply at 3, is unavailing. *See* 28 U.S.C. § 636(b)(1)(A); *Lewis*, 573 F. Supp. 2d at 811. But in any event, the argument is moot given the *de novo* review undertaken by the Court.