UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                          :
PIM SHIH,                                            :
                                          :
                Plaintiff,                         :
                                          :
            -v-                             :        23 Civ. 8035 (JPC) (RWL)
                                          :
THE BROADWAY LEAGUE,               :        ORDER ADOPTING
                                          :        REPORT AND
              Defendant.                     :        RECOMMENDATION
                                          :
-----------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

       In his Amended Complaint, which followed the Court's dismissal of his original Complaint, Plaintiff Pim Shih brings two claims against Defendant The Broadway League (the "League"): (1) racial and religious discrimination under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296, and the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5-4; and (2) tortious interference with a prospective economic advantage. *See* Dkt. 30 ("Am. Compl."). On January 28, 2025, the Honorable Robert W. Lehrburger issued a Report and Recommendation, recommending that this Court grant the League's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to allege sufficient facts to state a claim of entitlement to relief. Dkt. 35 ("R&R"). For the reasons that follow, the Court overrules Shih's objections, adopts the Report and Recommendation in its entirety, and dismisses the Amended Complaint with prejudice.

1

I. Background

A.     Facts[1]

Shih is a Christian, Chinese American artist and designer who has produced an Off-Broadway show called the Pimcomedy Fashion Show.  Compl. ¶¶ 3, 5; Am. Compl at 2.  The League is a 501(c)(6) trade organization that represents the interests of the Broadway industry.  Compl. ¶ 4.  On February 7, 2022, Shih contacted the Diversity Officer at the League, to "seek[] assistance and information on programs or efforts to support Chinese or Chinese American artists," and "with the hope of addressing issues of racial discrimination within the industry."  *Id.* ¶ 6.  Shih also sent three emails to the League between February 2022 and August 2023, again "asking for assistance."  *Id.* ¶ 8.  Despite this outreach, the League "rejected [Shih]'s request for any relationship or help or assistance with his theater show, or inclusion in [its] programs to help with Diversity and inclusion."  *Id.*  Shih also reached out to TodayTix, a non-party ticketing platform, "in the hope of securing wider exposure" for his show.  *Id.* ¶ 10.  But that company, too, rejected Shih's request, "citing member demographics and low ticket pickup as reasons for exclusion."  *Id.*

Shih claims that the League rejected his show based on his racial and religious background, *id.* ¶ 14, and that his rejection from TodayTix is evidence that the League encouraged its "partners to not help and assist [Shih]'s show," *id.* ¶ 25.  Shih alleges that the League, through its actions,

---

[1] The Court assumes the parties' familiarity with the first Report and Recommendation recommending dismissal of the original Complaint, Dkt. 22, the Court's Order adopting that Report and Recommendation, Dkt. 29, and the second Report and Recommendation recommending dismissal of the Amended Complaint, Dkt. 35.  The Court therefore provides only the following summary of the factual background, which is taken from the original Complaint, Dkt. 1 ("Compl."), and Amended Complaint, Dkt. 30; *see id.* at 1 (stating that the "facts remain the same" as in the original Complaint).  The facts in this section are assumed true for purposes of this Order.  *See Interpharm, Inc. v. Wells Fargo Bank, Nat'l Ass'n*, 655 F.3d 136, 141 (2d Cir. 2011) (explaining that on a motion to dismiss pursuant to Rule 12(b)(6), the court must "assum[e] all facts alleged within the four corners of the complaint to be true, and draw[] all reasonable inferences in plaintiff's favor").

"caused significant harm to [Shih]'s career" and "emotional suffering and damage to [Shih]'s mental well-being." *Id.* ¶¶ 20, 33.

In his Amended Complaint, Shih identifies six Broadway shows in which he alleges "there are no Asian American producers or actors [or] actress[es] that are notable or can be seen," nor any "confessions [of] faith in Jesus Christ the Lord." Am. Compl. at 4. For each show, he alleges that "98 percent of producers, actors, actress[es,] etc[.] identify as white American or black, and less than 1 percent identify as Asian American, much less confession of faith." *Id.* at 4-6. From this "pattern of non support [and] discrimination towards Asian American, Christian theater producers," Shih argues that the Court "can infer that [it] is discrimination coming from The Broadway League when Pim Shih Plaintiff reached out for help / membership to join [and] ask[ed] assistance from the Broadway league." *Id.* at 6-7. Shih also attaches a list, with photographs, of the League's Board of Governors, and points out the alleged lack of "Asian American actors, actress[es], [or] producers in the Broadway league roster or participants (Board Members) much less people that express faith in Jesus Christ the Lord." *Id.* at 12-14. Shih alleges that he has been "given no opportunities for any economic expansion for his show and essential[ly] hit a glass ceiling and no economic opportunities are afforded for him, due to his expression of faith, minority status and difference [in] nature." *Id.* at 15.

B.  **Procedural History**

Shih, proceeding *pro se*, filed suit on September 11, 2023, bringing nine counts against the League. Dkt. 1. The League moved to dismiss the Complaint on February 19, 2024, Dkt. 17, and on August 20, 2024, Judge Lehrburger issued a Report and Recommendation, recommending that the League's motion be granted, Dkt. 22 at 7-29, 31. Judge Lehrburger further recommended that the Court *sua sponte* grant Shih leave to amend his Complaint only as to his claims for state law

3

discrimination, defamation, intentional infliction of emotional distress, negligent infliction of emotional distress, and tortious interference. *Id.* at 29-31. The Court adopted the Report and Recommendation in full over Shih's objections and granted Shih thirty days to file an amended complaint. Dkt. 29.

Shih filed his Amended Complaint on November 20, 2024, which realleges only his claims for state law discrimination—appearing to assert racial and religious discrimination under New York and New Jersey law—and for tortious interference. Dkt. 30. On December 4, 2024, the League filed a letter motion requesting a conference on its anticipated motion to dismiss. Dkt. 31. Judge Lehrburger accepted that letter as the motion itself, and provided Shih with an opportunity to oppose the motion. Dkt. 32. Shih filed his opposition on December 16, 2024, Dkt. 33, and the League replied on January 22, 2025, Dkt. 34.

On January 28, 2025, Judge Lehrburger issued a Report and Recommendation, recommending that the undersigned dismiss Shih's Amended Complaint with prejudice. Dkt. 35. With respect to Shih's discrimination claim, Judge Lehrburger concluded that the Amended Complaint fails to allege any facts raising an inference of discrimination because, even accepting Shih's theory of disparate impact, it fails to identify a challenged practice or policy of the League, let alone connect the alleged disparity to any such practice or policy. *Id.* at 6-10. And with respect to Shih's tortious interference claim, Judge Lehburger concluded that the Amended Complaint fails to allege a specific third-party business relationship with which the League interfered, instead making only "a conclusory statement that vaguely references 'economic opportunities.'" *Id.* at 10-12. Finally, Judge Lehrburger recommended dismissing Shih's claims with prejudice because he had been provided with an opportunity to amend the five claims initially dismissed without prejudice, yet the Amended Complaint does not cure the deficiencies in the two repleaded claims.

*Id.* at 12-13.  The Court now considers Shih's objections to that Report and Recommendation, Dkt. 36 ("Objections"), to which the League responded, Dkt. 37.

## II.  Legal Standard

### A.  Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a report and recommendation, and must conduct *de novo* review of any part of the magistrate judge's disposition to which a party submits a proper objection.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).  "To be proper, an objection must be clearly aimed at particular findings, and may not be conclusory or general."  *Riaz v. Comm'r of Soc. Sec.*, No. 20 Civ. 8418 (JPC) (SLC), 2022 WL 4482297, at *2 (S.D.N.Y. Sept. 27, 2022) (internal quotation marks and citations omitted).  "Parties may neither regurgitate the original briefs to the magistrate judge nor raise new arguments not raised to the magistrate judge in the first instance."  *Id.* (internal quotation marks omitted); *accord United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019).  On the other hand, a district court reviews for clear error those parts of a report and recommendation to which no party has filed proper or timely objections.  28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008) ("To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." (internal quotation marks omitted)).

### B.  Rule 12(b)(6) Motion to Dismiss

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Although the Court must "accept[] as true the factual allegations in the complaint and draw[] all inferences in the plaintiff's favor," *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015), it need not "accept as true legal conclusions couched as factual allegations," *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475-76 (2d Cir. 2009).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012) (internal quotation marks omitted).  For this reason, "the Court will also deem the factual allegations contained in [Shih's] brief[] to supplement his . . . complaint." *Johnson v. Wright*, 234 F. Supp. 2d 352, 356 (S.D.N.Y. 2002).  But the liberal treatment is not boundless. *See Leon v. Rockland Psychiatric Ctr.*, 232 F. Supp. 3d 420, 428 (S.D.N.Y. 2017) ("[T]he liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." (internal quotation marks omitted)); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (internal quotation marks omitted)).

### III.  Discussion

Generously construed, Shih's objections to the Report and Recommendation raise two arguments.  First, Shih argues that his claims are not moot. *See* Objections at 1-5.  Latching on to Judge Lehrburger's final line—that "[t]o the extent not discussed herein, the Court has considered

6

all of Plaintiff's arguments and determined them to be either moot or without merit," *id.* at 1 (quoting R&R at 13)—Shih "highly objects to this determination" and argues that his claims are "not moot." *Id.*  In support of his argument against mootness, Shih cites several sources including Article III of the U.S. Constitution, *Roe v. Wade*, 410 U.S. 113 (1973), *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167 (2000), and *Honig v. Doe*, 484 U.S. 305 (1988).  Objections at 1-3.  These sources, Shih argues, "illustrate that dismissals based on mootness can be challenged." *Id.* at 3.  The Court generally agrees with Shih's characterization of the mootness doctrine, but fails to see its relevance.  Judge Lehrburger recommended dismissal of Shih's two claims because they fail to state a claim under Rule 12(b)(6)—not because they are moot. *See* R&R at 1, 6, 9-12.  Shih's objection in this regard is not "clearly aimed at particular findings," and therefore it fails to trigger *de novo* review of any portion of the Report and Recommendation. *Riaz*, 2022 WL 4482297, at *2 (internal quotation marks omitted).

Second, generously construing his objections, Shih argues that the Amended Complaint adequately states a claim for discrimination under a disparate impact theory.  Objections at 4.  This argument, however, is not a proper objection because it is merely a "regurgitat[ion of] the original briefs to the magistrate judge." *Riaz*, 2022 WL 4482297, at *2 (internal quotation marks omitted).  Shih merely argues that the League's conduct constituted discrimination, and this portion of his objections is a carbon copy of his opposition brief before Judge Lehrburger.  *Compare* Objections at 4, *with* Dkt. 33 at 1-2.  This verbatim repetition of an argument made before Judge Lehrburger is insufficient to trigger this Court's *de novo* review of the Report and Recommendation, even granting Shih's objections the liberal treatment owed to *pro se* filings. *See, e.g.*, *Oparaji v. Home Retention Corp.*, No. 21 Civ. 2758 (ENV) (LB), 2023 WL 2155764, at *3 (E.D.N.Y. Feb. 22, 2023); *Forsberg v. Always Consulting, Inc.*, No. 06 Civ. 13488 (CS) (LMS), 2008 WL 5449003,

7

at *4 (S.D.N.Y. Dec. 31, 2008). The Court identifies no clear error with Judge Lehrburger's well-reasoned conclusions in recommending dismissal of Shih's discrimination claim.

Regardless, even reviewing the Report and Recommendation *de novo*, Judge Lehrburger properly concluded that the Amended Complaint fails to state a claim for discrimination. To adequately plead a *prima facie* case of disparate impact discrimination, a plaintiff is required "to (1) identify a specific employment practice or policy; (2) demonstrate that a disparity exists; and (3) establish a causal relationship between the two." *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 151 (2d Cir. 2012) (internal quotation marks and citations omitted).[2] As Judge Lehrburger noted, the Amended Complaint "does not identify any League practice or policy; nor does it assert any facts demonstrating any plausible connection between the alleged disparity and any practice or policy of the League or, for that matter, any injury to Shih." R&R at 9; *see generally* Am. Compl. Accordingly, Shih has failed to plead a claim for discrimination, and the Court overrules Shih's objection.

As to the remainder of the Report and Recommendation to which Shih did not raise any objection—including the recommendations to dismiss his tortious interference claim and to deny him leave to amend—the Court finds no clear error in the record. Indeed, the Court has conducted *de novo* review of these recommendations and finds them to be well-reasoned and the conclusions well-founded. Accordingly, the portions of the Report and Recommendation to which Shih did not object are adopted as well.

---

[2] At least when it comes to assessing disparate impact discrimination claims, the New York and New Jersey laws under which Shih sues closely track the federal standards. *See* R&R at 9 n.5 (first citing *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007); then citing *Cronin v. Booz Allen Hamilton Inc.*, No. 21-2085, 2022 WL 3357869, at *4 (3d Cir. Aug. 15, 2022)).

### IV. Conclusion

The Court therefore adopts the Report and Recommendation in its entirety and dismisses the Amended Complaint with prejudice pursuant to Rule 12(b)(6) for failure to state a claim. The Clerk of Court is respectfully directed to enter judgment in the League's favor and to close the case. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: July 8, 2025
New York, New York

_____
JOHN P. CRONAN
United States District Judge